**In re Anonymous No. 142 D.B. 99**

Disciplinary Board Docket no. 142 D.B. 99.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

STEWART, *Member,* May 8, 2001—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On November 12, 1999, the Office of Disciplinary Counsel, petitioner, filed a petition for discipline against [ ], respondent in these proceedings. The petition for discipline charged respondent with violations of the rules in three separate matters. Respondent filed an answer to petition on January 5, 2000.

A disciplinary hearing was held on April 28, 2000 before Hearing Committee [ ] comprised of Chair [ ], Esquire, and Members [ ], Esquire, and [ ], Esquire. Respondent was represented by [ ], Esquire. Petitioner was represented by [ ], Esquire.

The committee filed a report on September 13, 2000 and concluded that respondent violated the rules of professional conduct as charged in the petition. The committee recommended that respondent receive a public censure.

No briefs on exceptions were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of November 15, 2000.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent is an attorney admitted to practice law in the Commonwealth of Pennsylvania, having been admitted to practice on or about October 13, 1978. Respondent maintains an office at [ ].

(3) Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

*Charge I*

(4) On or about March 5, 1992, [A] was involved in an accident with [B] while she was driving her automobile on [ ] in [ ]Township, [ ] County, Pennsylvania.

(5) In or about April 1992, respondent met with [A] and agreed to represent [A] in regard to her automobile accident.

(6) In or about April 1992, respondent proposed and [A] agreed to pay respondent 40 percent of any settlement, verdict or recovery.

(7) Thereafter, [A] received medical treatment for injuries received in the March 5, 1992 accident.

(8) Under cover of notes dated February 28, 1993, April 13, 1993, and June 1, 1993, [A] forwarded copies of bills received from medical service providers to respondent for processing.

(9) In or about February 1994, respondent filed a praecipe for summons in the matter of *[A] v. [C],* Civil Action no. [ ], Court of Common Pleas of [ ] County.

(10) Between, in, or about February 1994, and, on or about March 5, 1994, respondent failed to properly serve the writ of summons on defendants in the case.

(11) On or about March 5, 1994, the statute of limitations on [A's] claim expired.

(12) Between, on, or about March 5, 1994, and, in or about November 1996, respondent failed to have the writ of summons properly served on defendants in the case.

(13) Between, on, or about March 5, 1994, and, in or about November 1996, respondent failed to take any action to further [A's] case on the court docket.

(14) Between, on, or about March 5, 1994, and, in or about November 1996, respondent failed to initiate communication with [A] concerning the status of her case.

(15) Between, on, or about March 5, 1994, and, in or about November 1996, [A] called respondent's office on numerous occasions and left messages requesting information on the status of her case.

(16) Between, on, or about March 5, 1994, and, in or about November 1996, respondent failed to return most of [A's] telephone calls and failed to advise her of the status of her case.

(17) In or about November 1996, respondent filed a praecipe to reissue the summons and properly served the summons on the defendants in the action.

(18) Between, in, or about November 1996, and, on or about March 5, 1997, respondent failed to take any action to further [A's] case on the court docket.

(19) Between, in, or about November 1996, and, on or about March 5, 1997, [A] called respondent's office on numerous occasions and left messages for respondent to return her calls concerning the status of her case.

(20) Between, in, or about November 1996, and, on or about March 5, 1997, respondent failed to return most of [A's] telephone calls and failed to advise her of the status of her case.

(21) By letter dated March 5, 1997, respondent advised [A] that he had not communicated with her because he was awaiting a trial date in her case.

(22) The statement that respondent was awaiting a trial date was a false statement and he knew it was false when respondent made it or he should have known it was false

when respondent made it because, as of March 5, 1997, he had not filed a civil complaint in the case and, thus, the case was not ready to be set for trial.

(23) In or about June 1997, [D], Esquire, filed an entry of appearance on behalf of the defendants in the case, [C] and [B].

(24) In or about September 1997, respondent caused a civil complaint to be filed in the case.

(25) In or about November 1997, the court entered a discovery schedule and ordered discovery to be completed by September 29, 1998.

(26) Between, in, or about November 1997, and, in or about February 1998, respondent failed to take any action to further [A's] case.

(27) Between, in, or about November 1997, and, in or about February 1998, respondent failed to communicate in any fashion with [A] either to advise her that the court had entered a discovery schedule or to discuss any aspect of her case with her.

(28) In or about February 1998, [D] filed preliminary objections to the complaint noting respondent's failure to pursue the case.

(29) Between, in, or about February 1998, and, in or about July 1998, respondent failed to advise [A] that [D] had filed preliminary objections.

(30) Between, in, or about February 1998, and, in or about July 1998, respondent failed to file a response to [D's] preliminary objections.

(31) In or about July 1998, the court dismissed the civil complaint respondent had filed in *[A] v. [C]*, with prejudice.

(32) Thereafter, respondent failed to advise [A] that her case had been dismissed.

(33) On or about October 16, 1998, October 17, 1998, and December 21, 1998, [A] called respondent's office and left messages for respondent to return her calls concerning the status of her case.

(34) Thereafter, respondent failed to return most of [A's] telephone calls requesting information on the status of her case.

## Charge II

(35) On or about October 31, 1991, [E] was involved an automobile accident while traveling in [   ], [   ] County, Pennsylvania.

(36) In or about December 1991, respondent met with and agreed to represent [E] in regard to her automobile accident on a one-third contingency fee basis.

(37) On or about March 30, 1992, respondent caused a praecipe for writ of summons to be filed in the matter of *[E] v. [   ] and [   ] [F]*, Civil Action no. [   ], Court of Common Pleas of [   ] County.

(38) In or about June 1992, respondent caused a civil complaint to be filed and served on [E's] behalf in the aforementioned civil case.

(39) In or about 1993, opposing counsel forwarded a request for production of documents to respondent seeking production of the name of any expert witness(es) whom respondent planned to use on [E's] behalf and a summary of the testimony of the expert(s).

(40) Thereafter, respondent failed to advise [E] that respondent had received the discovery requests concerning expert witness(es), but advised her son, [G].

(41) Thereafter, respondent failed to either answer or respond to the discovery request concerning expert witness(es).

(42) On or about April 14, 1993, opposing counsel filed a motion to compel respondent to comply with the outstanding discovery requests.

(43) On or about April 19, 1993, the court directed respondent to respond to defendant's request for production of documents within 20 days from the date of the order.

(44) Thereafter, respondent failed to advise [E] that the court had entered the above referenced order.

(45) Thereafter, respondent failed to produce the documents as ordered.

(46) On or about August 23, 1995, opposing counsel filed a motion for sanctions seeking preclusion of any expert medical testimony by respondent at the time of trial.

(47) Thereafter, respondent failed to advise [E] opposing counsel had filed the motion for sanctions.

(48) Thereafter, respondent failed to respond to the motion for sanctions.

(49) On or about September 21, 1995, the court entered an order precluding respondent from introducing any expert medical testimony concerning [E's] injuries and any documents to establish damages at the time of trial.

(50) Thereafter, respondent failed to advise [E] that the court had entered the above referenced preclusion order.

(51) Thereafter, respondent failed to take any action in response to the preclusion order.

(52) Thereafter, respondent failed to take any action to further [E's] case.

(53) On or about January 12, 1996, opposing counsel filed a motion for summary judgment.

(54) On or about February 8, 1996, respondent filed a response to the motion for summary judgment.

(55) On or about February 23, 1996, the court entered judgment in favor of defendants on their motion for summary judgment.

(56) On or about February 29, 1996, respondent filed a motion for reconsideration with the court.

(57) On or about March 21, 1996, the court entered an order vacating the summary judgment and setting a hearing for May 30, 1996.

(58) In or about July 1996, respondent appeared at a hearing on the motion for reconsideration before the Honorable [H].

(59) On or about November 8, 1996, Judge [H] denied respondent's motion for reconsideration.

(60) On or about December 4, 1996, respondent filed a notice of appeal with the [   ] County Court of Common Pleas.

(61) On or about January 6, 1997, respondent filed a notice of appeal with the Superior Court of Pennsylvania to Docket no. [   ], captioned *[E] v. [   ] and [   ] [F]*.

(62) On or about January 13, 1997, the court of common pleas entered an order and opinion pursuant to Pa.R.A.P. 1925 directing the prothonotary of [   ] County to transmit the record and opinion to the Superior Court.

(63) On or about July 11, 1997, the Superior Court affirmed the judgment entered by the [   ] County Court of Common Pleas.

## *Charge III*

(64) In or about December 1992, respondent met with [I] concerning a potential malpractice case [I] was considering against his former dentist, Dr. [J].

(65) In or about December 1992, respondent agreed to represent [I] in a dental malpractice action against Dr. [J] on a one-third contingency fee basis.

(66) On or about December 5, 1995, respondent commenced a dental malpractice action by writ of summons against Dr. [J], captioned *[I] v. Dr. [J],* Civil Action no: [ ], [ ] County Court of Common Pleas.

(67) On or about March 6, 1996, respondent filed a complaint in the above referenced case.

(68) On or about April 17, 1996, [K], Esquire, counsel for Dr. [J], filed preliminary objections to the complaint. (See exhibit no. P37)

(69) Thereafter, respondent failed to advise [I] that attorney [K] had filed preliminary objections.

(70) On or about May 2, 1996, [K] forwarded interrogatories to respondent.

(71) On or about July 11, 1996, respondent filed an amended complaint in response to [K's] preliminary objections.

(72) On or about October 2, 1996, respondent attended a status conference with [K] before the Honorable [L].

(73) On or about October 2, 1996, Judge [L] entered a scheduling order which established deadlines for discovery, the provision of expert reports and motions for summary judgment.

(74) The order of October 2, 1996, specifically provided that plaintiff's expert reports were to be supplied to defense counsel on or before March 1, 1997.

(75) Thereafter, respondent failed to advise [I] that respondent attended a status conference and that the judge had entered a scheduling order.

(76) On or about January 20, 1997, respondent supplied answers to the interrogatories to [K].

(77) In response to interrogatory no. 52, respondent identified Dr. [M], Dr. [N], Dr. [O] and Dr. [P] as expert witnesses for purposes of trial.

(78) Respondent failed to provide expert reports to [K] prior to the court ordered deadline of March 1, 1997.

(79) Respondent failed to advise [I] that he had not filed expert reports prior to the court ordered deadline of March 1, 1997.

(80) On or about March 14, 1997, [K] filed a motion for sanctions for respondent's failure to provide expert reports in accordance with discovery requests and the court's order of October 2, 1996.

(81) On or about May 27, 1997, Dr. [J] died.

(82) At no time prior to his death or prior to the conclusion of the deadlines imposed for the conducting of discovery did respondent take Dr. [J's] deposition or propound any discovery requests upon him.

(83) Between, in, or about May 1997, and, in or about July 1997, respondent failed to submit any expert reports to [K]

(84) Between, in, or about May 1997, and, in or about July 1997, respondent failed to file any expert reports with the court.

(85) On or about July 22, 1997, the court entertained oral argument on [K's] motion for sanctions which had been filed on or about March 14, 1997.

(86) On or about July 22, 1997, respondent attended the argument before the Honorable [Q] and presented arguments on behalf of [I].

(87) On or about July 22, 1997, Judge [Q] granted [K's] motion for sanctions for respondent's failure to submit expert reports and entered a judgment of non pros against [I].

(88) Thereafter, respondent failed to file a petition to open or strike the judgment entered with the court as mandated by Rule 305 of the Pennsylvania Rules of Civil Procedure.

(89) On or about August 21, 1997, respondent filed a notice of appeal to Superior Court with the Court of Common Pleas of [   ] County.

(90) On or about September 12, 1997, respondent's notice of appeal was docketed with the Superior Court to Civil Action Docket No. [   ].

(91) Thereafter, respondent failed to advise [I] that respondent had filed an appeal with the Superior Court.

(92) On or about December 23, 1997, Judge [Q] entered a memorandum order to explain the reasons the court granted the judgment of non pros in favor of defendant and against plaintiff, respondent's client.

(93) On or about January 13, 1998, [K] filed a motion to quash the appeal with a supporting brief.

(94) Thereafter, respondent failed to advise [I] that [K] had filed a motion to quash the appeal.

(95) Thereafter, respondent failed to respond to [K's] motion to quash the appeal.

(96) On or about February 13, 1998, the Superior Court granted [K's] motion to quash the appeal respondent had filed because of respondent's failure to file a petition to open or strike the judgment entered with the court as mandated by Rule 305 Pa.R.C.P.

(97) Between, in, or about December 1992, and, in or about June 1998, [I] called respondent's office on numerous occasions and requested information concerning the status of his case.

(98) Between, in, or about December 1992, and, in or about June 1998, respondent failed to advise [I] of the true status of his case.

(99) Respondent has been a sole practitioner in [   ] County since 1982.

(100) Respondent concentrates his practice in the area of criminal defense but also maintains a general practice of law.

(101) Since 1988, respondent has served as conflicts counsel for [   ] County, representing indigent criminal defendants who cannot be represented by the public defender's office. Respondent's caseload averages between 110 and 150 active cases at all stages of the criminal process, including appeals and post-conviction work.

(102) Respondent is in the process of a divorce. He suffered a major heart attack in 1997, after being informed by his wife that she was leaving him.

(103) Respondent's health has improved.

(104) As a result of the complaint for discipline filed against him, respondent has taken steps to improve his performance as an attorney by spending more time in

the office and becoming more involved in office administration.

(105) Respondent hired competent personnel to help organize the office and maintain consistency in the billing process. These areas had been mismanaged in the past.

(106) Respondent intends to discontinue as conflicts counsel in the future because the job is too overwhelming in conjunction with his private practice responsibilities.

(107) Respondent has a history of discipline consisting of two informal admonitions in 1998 and an informal admonition in 1992. All three of these admonitions resulted from respondent's failure to file an appellate brief in a case assigned to him as conflicts counsel.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) RPC 1.1—A lawyer shall provide competent representation to a client.

(2) RPC 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(3) RPC 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

(4) RPC 1.4(b)—A lawyer shall explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation.

(5) RPC 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

## IV. DISCUSSION

The matter before the Disciplinary Board is a petition for discipline filed on November 12, 1999. Petitioner and respondent entered into a joint stipulation of fact wherein the respondent admitted to the facts forming the basis of the petition for discipline. Respondent also stipulated to violating the Rules of Professional Conduct as charged by petitioner. As respondent has stipulated to all factual allegations the only issue before the board is the determination of the appropriate discipline.

In the matter of Charge I involving complainant [A], respondent agreed to represent [A] in an automobile accident case which occurred in March 1992. Respondent filed a praecipe for writ of summons in February 1994. Respondent failed to serve defendants. In November 1996, respondent filed a praecipe to reissue the writ of summons and served the summons on the defendants. During the period from March 1994 to March 1997, respondent failed to respond to most of [A's] phone calls. By letter dated March 5, 1997, respondent informed [A] that the reason he had not communicated with her was that he was awaiting a trial date in the case. Thereafter, in September 1997, respondent filed a civil complaint. In November 1997, the court entered a discovery schedule. In February 1998, defense counsel filed preliminary objections based on respondent's failure to pursue the case. Respondent failed to respond to the preliminary objections and the court dismissed the case in July 1998. During the pendency of this matter, respondent failed to respond to most of [A's] phone calls and failed to act with reasonable diligence. What is most significant about

[A's] case is that respondent knowingly and wilfully misrepresented the status of the case to her.

In the matter of Charge II involving complainant [E], respondent agreed to represent [E] in an automobile accident case. Respondent undertook this representation in December 1991. On March 30, 1992, respondent filed a writ of summons and in June 1992 respondent filed a civil complaint. Respondent failed to respond to defense interrogatories concerning expert witnesses. Respondent further failed to comply with a court order to produce documents pursuant to defense counsel's request for production of documents. Defense counsel filed a motion for sanctions to preclude the admission of any expert medical testimony at trial. Respondent failed to respond to the motion for sanctions. The court ordered the preclusion of expert testimony and thereafter entered summary judgment upon defense motion. After respondent's motion for reconsideration was denied, respondent filed an appeal to Superior Court. Respondent failed to file a concise statement of matters complained of on appeal. The Superior Court affirmed the trial court entry of summary judgment. During the pendency of the matter, respondent failed to act with reasonable diligence and failed to keep [E] apprised of the status of the matter.

In the matter of Charge III involving complainant [I], respondent agreed to represent [I] in a dental malpractice action against Dr. [J]. Respondent was hired in December 1992, but did not file suit until December 1995. Thereafter respondent failed to produce expert reports in accordance with court ordered discovery deadlines and further failed to produce expert reports at any time prior to oral argument on defense counsel's motion for sanc-

tions. As a result of the failure to produce expert reports, the trial court entered a judgment non pros. Respondent failed to file a motion to open/strike the non pros prior to filing an appeal to Superior Court. Defense counsel filed a motion to quash the appeal. Respondent did not respond to the motion and the appeal was stricken. At all times during the pendency of the matter, respondent failed to act with reasonable diligence and failed to advise his client of the true status of the matter.

Each of the three charges contains instances of neglect. After each instance of neglect, instead of attempting to rectify the situation, respondent continued in his failure to attend to the details of his clients' cases. Not only did respondent neglect to properly proceed with each matter in court, but he also neglected to keep the clients informed of the actual status of their cases at each significant point. Unaware of the events which were transpiring in court, each client was unable to make an informed decision whether or not to seek other counsel. In addition, respondent's continued failure to proceed with the matters in a timely fashion contributed to the dismissal of all three lawsuits.

Each client sustained harm. None of the matters proceeded meaningfully into or past the discovery stage of litigation. None of the cases ever went to a trial on the merits.

A mitigating factor presented by respondent is the major heart attack he suffered as a result of the deterioration of his marriage. Due to the stress on his physical and mental health he was unable to maintain control of his law practice. Respondent testified at the hearing that

he is in the process of divorcing his wife and his physical health is better. He has staffed his law office with competent support personnel.

Respondent received two informal admonitions in 1998 and one informal admonition in 1992. All three resulted from his failure to file appellate briefs in cases assigned to him in his position as conflicts counsel for [   ] County. Respondent testified that he intends to quit this position as it requires too much of his time and attention; however, at the time of the hearing he had not done so.

Sanctions for cases of neglect range from private discipline in matters where there is no misrepresentation or deceit, to suspension in circumstances wherein the attorney made misrepresentations to the client. The Supreme Court imposed a one year suspension in a case where the attorney was found to have neglected client matters in six separate cases. The neglectful acts included failure to provide competent representation, failure to proceed with reasonable diligence and failure to keep the clients advised of the status of their cases. This attorney also made misrepresentations to clients in an apparent attempt to hide his lack of competence. *In re Anonymous No. 72 D.B. 94,* 31 D.&C.4th 209 (1996).

In the matter of *In re Anonymous No. 91 D.B. 90,* 14 D.&C.4th 597 (1992), the Supreme Court imposed a suspension of one year and one day on an attorney for incompetence, neglect, failure to communicate and misrepresentation in two matters.

The court imposed a six month suspension in a case wherein the attorney neglected a divorce case. This ne-

glect impacted the client's rights pursuant to equitable distribution. *In re Anonymous No. 131 D.B. 90,* 17 D.&C.4th 170 (1992).

While each case is unique, prior cases are instructive in determining the appropriate level of discipline. Where the neglect of client matters is not an isolated instance but impacts numerous clients and involves some element of misrepresentation, the required discipline is generally a suspension. In the instant matter, it is clear that respondent's neglect was pervasive, stemming from his lack of control over the administrative details of his practice. The misrepresentation arose from respondent's wrong and misguided effort to relieve himself of the difficult task of advising his client, [A], of the true status of her case. This misrepresentation led to further misconduct by respondent.

Respondent has admitted fault and cooperated fully with petitioner in resolving this matter. Respondent appears to have pinpointed the trouble spots in his practice and has taken steps to correct the problems, although the board notes that it has taken respondent three informal admonitions and the instant proceeding to achieve this change.

For the reasons as set forth above, the board recommends a suspension for a period of six months.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [   ], be suspended from the practice of law for a period of six months.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Donohue recused herself.

Board Members Caroselli, Schultz, Rudnitsky and Teti did not participate in the November 15, 2000 adjudication.

## ORDER

And now, May 8, 2001, upon consideration of the report and recommendations of the Disciplinary Board dated March 9, 2001, it is hereby ordered that [respondent] be and he is suspended from the Bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa. R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa. R.D.E.